MARÍA LUISA BLANES, Plaintiff and Appellee, *v.* ALBERTO VALLDEJULI ET AL., Defendants and Appellants.

No. 10617. Argued December 10, 1951.—Decided January 8, 1952.

*Mariano Acosta Velarde* for appellants.  *F. Fernández Cuyar* for appellee.

Mr. Justice Negrón Fernández delivered the opinion of the Court.

On October 11, 1951 plaintiff obtained judgment in an unlawful detainer proceeding against the defendants, and a copy of the notice of judgment was filed on the 17th of the same month.  On the 22d the defendants filed a notice of appeal in the lower court and on the 24th, two days later, they requested said court to fix a bond to answer plaintiff for the damages which she may suffer and for costs of appeal.  The amount fixed was $1,000 which was furnished by the defendants and approved by the lower court that same day.

The appellee prays for the dismissal of this appeal on the ground that the undertaking required by law was not furnished within the term of five days fixed for appeals.  The appellants object alleging that as this is not a case of unlawful detainer for nonpayment of rent—as in effect it is not—they were not bound to furnish an undertaking within the term of five days, because they could furnish it, as they did, at any subsequent time, provided it was done within the term fixed by law to perfect an appeal.  The appellants concede, however, that in appeals in cases of unlawful detainer for nonpayment of rent it is an indispensable requisite to deposit in court the rents due or to furnish bond "within the term to appeal" pursuant to the provisions of § 631 of the Code of Civil Procedure as amended by Act No. 170 of May 9, 1942.

Pursuant to § 630 of the Code of Civil Procedure in unlawful detainer proceedings the term to appeal is five days counting from the date on which notice of the judg-

ment was given to the parties prejudiced thereby, or to their attorneys by the Clerk of the corresponding court. Section 631 of the same legal body, before its amendment by Act No. 170 already cited, provided:

"Whenever the action of unlawful detainer is founded upon the nonpayment of the amounts agreed upon, the defendant shall be denied the right of appeal unless he deposits in the office of the secretary of the court the amount due as the price up to the date of the judgment. In all other cases it shall be an indispensable requisite to the right of appeal on the part of the defendant that he furnish an undertaking, to the satisfaction of the court, binding himself to pay all damages which may be occasioned to the plaintiff, and also the costs of the appeal. Both the deposit and the undertaking referred to in this section shall be made or filed within the time granted for taking an appeal."

At present, after its amendment, it provides:

"The defendant shall be denied the right of appeal unless he executes an undertaking to the satisfaction of the court, to answer for damages he may occasion to the plaintiff, and for the costs of the appeal; and when the unlawful detainer is based on the nonpayment of sums agreed upon, the defendant may, at his option, execute the said undertaking, or deposit with the clerk of the court the amount of the indebtedness up to the date of judgment."

The fundamental purpose of the amendment was, as we held in *Vivas* v. *Petrilli*, 66 P.R.R. 617 "to exempt the defendant in an action of unlawful detainer from the obligation of depositing with the clerk of the court, in cash, the amount due up to the date of the judgment, as a condition precedent to the taking of an appeal, by allowing the defendant-appellant, at his option, to deposit with the clerk of the court the amount of the indebtedness or to file a bond to secure its payment." The third paragraph of § 631 "was undoubtedly eliminated as superfluous," since § 630 fixed the term of five days to appeal while § 631 provided that "The defendant shall be denied the right of appeal unless he ex-

ecutes an undertaking to the satisfaction of the court, to answer for damages he may occasion to the plaintiff, and for the costs of the appeal," "the execution of the undertaking or the deposit of the amount due must necessarily be made within that same period of 5 days, for if this is not done, the court will lack jurisdiction to allow and take cognizance of the appeal." *Vivas* v. *Petrilli, supra.*

Even though the *Vivas* case was concerned with an unlawful detainer for nonpayment of rent, what was said therein as to the term for executing the undertaking is applicable to all appeals in actions of unlawful detainer, whether or not they are founded on nonpayment of rent. The third paragraph of § 631 which was eliminated by the amendment of May 9, 1942 referred to the *deposit* as well as to the *undertaking* which were mentioned in the first two paragraphs of said Section before its amendment. Said third paragraph, therefore, referred to the undertaking to answer for damages and costs—which was an indispensable requisite to the right of appeal in all cases of unlawful detainer which were not founded on nonpayment of rent—as well as to the deposit, which was—without the alternative of undertaking—just as necessary to admit the appeal in cases of unlawful detainer for nonpayment of rent.

Pursuant to § 631, as amended, no appeal may be taken in any unlawful detainer proceeding unless an undertaking to answer for damages and costs on appeal is furnished. It is only when the unlawful detainer is founded on nonpayment of rent that the defendant has the *option* to furnish an undertaking to answer for damages and costs, or to deposit with the Clerk the amount of money due up to the date of the judgment. But, in either case, it should be done within the term of five days fixed by § 630 for taking appeals.

Since no undertaking was furnished in the case at bar within the five days after the notice of judgment was filed, the appeal is dismissed for lack of jurisdiction.